**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**Civil Action No. _____**

MARY THOMPSON

                                                                                    PLAINTIFF

v.

MORAN FOODS, LLC
D/B/A
SAVE-A-LOT aka SAVE-A-LOT STORE # 521

                                                                                    DEFENDANT.

## COMPLAINT

### Nature of the Allegations

1.      This Complaint arises from serious injuries suffered by Mary Thompson when she tripped and fell on or about October 02, 2019 on an unreasonably dangerous hazard in Save-A-Lot Store # 521.

### Parties

2.      Plaintiff Mary Thompson is a private individual who resides in Virginia.

3.      On or about October 02, 2019, and at all times material hereto, defendant Moran Foods, LLC D/B/A Save-A-Lot aka Save-A-Lot Store # 521 owned, operated, occupied, maintained, leased, managed or otherwise controlled a grocery store at 441 E. Belt Boulevard, in the City of Richmond, Virginia 23224 [hereinafter "the Store"].

4.      Plaintiff is informed and believes that defendant Moran Foods, LLC D/B/A Save-A-Lot aka Save-A-Lot Store # 521 is a limited liability company organized under the laws of the State of Missouri and is, and at all relevant times was, authorized and registered to do business in the Commonwealth of Virginia as a foreign limited liability company.

5.      At the time of the occurrence and injury to Plaintiff, Defendant operated the Store by and through its agents, servants and employees acting at all times material hereto within the course and scope of their agency and/or employment.

## Jurisdiction and Venue

6.      Pursuant to 28 U.S.C. § 1332. this Court has diversity jurisdiction over this cause of action asserted against Moran Foods, LLC D/B/A Save-A-Lot aka Save-A-Lot Store # 521 because this action involves a matter in controversy that exceeds $75,000 in value, and Defendant is a citizen of Missouri, and Plaintiff is a citizen of Virginia.

7.      Defendant Moran Foods, LLC D/B/A Save-A-Lot aka Save-A-Lot Store # 521 regularly conducts substantial business activity in the City of Richmond, Virginia, and pursuant to 28 U.S.C. § 1391(b)(2), the events or omissions giving rise to the claim occurred at the Store, which is within this judicial district; therefore, venue is proper in this Court.

## Count I – Premises Liability

8.      Plaintiff repeats and realleges the prior allegations as if set forth herein.

9.      On or about October 02, 2019, at all times material hereto, Plaintiff was lawfully on the premises of the Store for the purpose of purchasing groceries therein.

10.     At that time and place, and at all times material thereto, Plaintiff was traveling in the frozen foods and meat aisle along the backside of the Store.

11.     At that time and place, Plaintiff was the Defendant's invitee.

12.     At that time and place, within the Store, there existed a display of fruit flavored freezable pops, situated on a wooden pallet.

13.     At that time and place, the display of fruit flavored freezable pops was located in a cardboard box situated on top of the wooden pallet.

2

14.     At that time and place, the wooden pallet was situated between the short sides of two rectangular horizontal chest type fridge units holding steaks and other meat and frozen food products located on the horizontal back aisle of the Store.

15.     At that time and place, the wooden pallet underneath the display of fruit flavored freezable pops protruded from underneath the box of fruit flavored freezable pops at a low level, close to the ground, and into the walkway of the aisle.

16.      The protrusion of the wooden pallet and/or the box was low to the ground and was not readily observable to invitees like Plaintiff.

17.     At that time and place, the display of fruit flavored freezable pops and the positioning of the pallet and/or box [hereinafter, "the Safety Hazard"] constituted an unsafe condition within the interior of the store.

18.     The Safety Hazard was not open and obvious.

19.     At the time of the occurrence and injury to Plaintiff, Defendant operated the Store by and through its agents, servants and employees acting at all times material hereto within the course and scope of their agency and/or employment.

20.     Defendant had the right and duty to control, manage, and maintain the Store in a reasonably safe condition.

21.     Defendant, through its employees and/or agents caused, created, and/or otherwise allowed the Safety Hazard to exist.

22.     At that time and place, the Safety Hazard was not readily visible to invitees, including individuals in the position of the Plaintiff, traveling in the frozen foods and meat aisle along the backside of the store, and was likely to cause them to trip and fall.

23.     At that time and place, as a result of the Safety Hazard, the area of the Store in that location was not reasonably safe for the foreseeable use by invitees, including Plaintiff.

24.     At that time and place, the Safety Hazard was likely to cause invitees, like Plaintiff, to trip and fall.

25.     At that time and place, Plaintiff was unaware of the Safety Hazard.

26.     At that time and place, there were no visual warnings present to notify invitees, including Plaintiff, of the presence of the Safety Hazard.

27.     Defendant, and its employees and/or agents, did not warn Plaintiff of the presence of the Safety Hazard.

28.     The Safety Hazard was created by, known by or, in the exercise of reasonable care should have been known by Defendant, and its employees and agents.

29.     At that time and place, and at all times material hereto, Defendant, by and through its employees and/or agents, had actual or constructive notice of, knew, should have known, or had reason to know that the Safety Hazard was not safe, that it was dangerous, defective, and constituted a hazard, and that it was in need of attention. At that time and place, the Safety Hazard had existed for sufficient time that if Defendant had used ordinary care to inspect the Store for unsafe conditions, it should have known of its existence well in advance of Plaintiff's fall with sufficient time to correct the Safety Hazard or provide warning.

30.     At that time and place, Defendant, by and through its agents and/or employees, knew or should have known that the Safety Hazard required attention to return the area of the Store in question to a condition of reasonable safety.

31.     At that time and place, Defendant, by and through its agents and/or employees, knew or should have known that it needed to warn invitees walking through the Store of the presence of the Safety Hazard.

32.     At all times relevant to this action, Defendant had a duty to use ordinary care to inspect the Store for conditions that would create an unreasonable risk of danger to persons walking through the Store, including Plaintiff.

33.     At all times relevant to this action, Defendant had a duty not to cause hazardous conditions in the Store that would create an unreasonable risk of danger to persons walking through the Store, including Plaintiff.

34.     At all times relevant to this action, Defendant had a duty to maintain, repair, correct and/or remove any hazardous and unsafe conditions in the Store, so that persons using the Store, including Plaintiff, could do so with reasonable safety.

35.     At all times relevant to this action, Defendant had a duty to use ordinary care to warn of hazardous and unsafe conditions in the Store, so that persons using the Store, including Plaintiff, could do so with reasonable safety.

36.     Defendant, by and through its agents and/or employees, did not use ordinary care to maintain the Store in a reasonably safe condition.

37.     Defendant, by and through its agents and/or employees, did not reasonably inspect the Store for conditions that would create an unreasonable risk of danger to persons using the Store, including Plaintiff, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

38.     Defendant, by and through its agents and/or employees, did not maintain, repair, remove and/or correct the Safety Hazard within a reasonable amount of time after causing and/or

creating the Safety Hazard, and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

39.     Defendant, by and through its agents and/or employees, did not warn persons using the Store, including Plaintiff, of the presence of the Safety Hazard and therefore carelessly, negligently, and recklessly subjected Plaintiff to an unreasonable risk of injury.

40.     At that time and place, October 02, 2019, Plaintiff tripped on the Safety Hazard and fell, sustaining serious injuries.

41.     At that time and place, the Store was in possession of an operating video surveillance camera monitoring the area of the Plaintiff's fall.

42.     At that time and place, the video surveillance camera captured video footage of the Plaintiff's fall.

43.      Directly following the fall, the Plaintiff notified the manager of the Store, Eric N. Blankenship, of her fall.

44.     Plaintiff subsequently filled out an incident report at the Store regarding her fall on October 02, 2019.

45.     Within the month of October in the year 2019, Plaintiff notified agents and/or employees of the Defendant that she had sustained injuries in her fall at the Store on  October 02, 2019.

46.     In October of 2019, upon notification by the Plaintiff that she had sustained injuries in her fall at the Store on October 02, 2019, Defendant anticipated potential litigation concerning Plaintiff's fall and subsequent injuries.

47.     Upon notification of the Plaintiff's fall at the Store on October 02, 2019 and notification of her injuries sustained in the fall, the Defendant knew that the video footage of the

6

Plaintiff's fall at the Store on October 02, 2019 was pertinent to the Plaintiff's potential injury claim.

48.     Upon notification of the Plaintiff's fall at the Store on October 02, 2019 and notification of her injuries sustained in the fall, the Defendant knew that the video footage of the Plaintiff's fall at the Store on October 02, 2019 was pertinent to any potential litigation regarding the fall at the Store on October 02, 2019.

49.      Upon notification of the Plaintiff's fall at the Store on October 02, 2019 and notification of her injuries sustained in the fall, the Defendant knew that the video footage of the Plaintiff's fall at the Store on October 02, 2019 was calculated to lead to the discovery of admissible evidence in any litigation regarding the fall at the Store on October 02, 2019.

50.     Upon notification of the Plaintiff's fall at the Store on October 02, 2019 and notification of her injuries sustained in the fall, the Defendant knew that the video footage of the Plaintiff's fall at the Store on October 02, 2019 was likely to be requested during discovery in any litigation regarding the fall at the Store on October 02, 2019.

51.     Defendant, by and through its agents and/or employees, notified the Plaintiff that the Defendant possessed and saved video footage of her fall taken by the surveillance camera monitoring the area of the Plaintiff's fall at the Store on October 02, 2019.

52.     Defendant saved the video footage of Plaintiff's fall at the Store on October 02, 2019 in anticipation of litigation.

53.     Subsequently, Defendant failed to continue to save and/or destroyed the video footage of Plaintiff's fall at the Store on October 02, 2019.

54.     Defendant failed to continue to save and/or destroyed the video footage of Plaintiff's fall at the Store on October 02, 2019 after becoming aware of potential litigation concerning Plaintiff's fall at the Store on October 02, 2019.

55.     Defendant failed to continue to save and/or destroyed the video footage of Plaintiff's fall at the Store on October 02, 2019 before expiration of any Statute of Limitations applicable to Plaintiff's potential injury claim stemming from the fall at the Store on October 02, 2019.

56.     As a direct and proximate result of Defendant's negligence and other careless, reckless, and wrongful acts, Plaintiff was caused to fall and suffered serious and permanent injuries; has suffered and will suffer in the future pain of body and mind; has suffered and will suffer in the future disfigurement and scarring, has incurred and will incur in the future medical and related expenses; has suffered and will suffer in the future terrible inconvenience and physical limitations, and has suffered and will suffer in the future other damages as allowed by law.

WHEREFORE, Plaintiff demands judgment against the defendant in the sum of ONE MILLION, TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), plus pre-judgment and post-judgment interest and costs.

Trial by jury is demanded.

MARY THOMPSON


BY: /s/ John J. Siegner, III

John J. Siegner, III
VSB No.: 86387
ALLEN, ALLEN, ALLEN & ALLEN
6123 Harbourside Centre Loop
Chesterfield, VA 23112
Phone/Fax:  (804) 257-7584

8

John.Siegner@allenandallen.com

James M. Kessel
VSB No. 51034
ALLEN, ALLEN, ALLEN & ALLEN
1809 Staples Mill Road
P.O. Box 6855
Richmond, Virginia 23230
(804) 359-9151
(804) 257-7599 (facsimile)
James.Kessel@AllenandAllen.com

*Attorneys  for Plaintiff*